1

2
Ryan S. Fife (Bar No. 235000)
DRINKER BIDDLE & REATH LLP
3
1800 Century Park E, Suite 1400
4
Los Angeles, CA 90067
Telephone:   (310) 203-4000
5
Facsimile:   (310) 229-1285
6
Email:        ryan.fife@dbr.com

7
Jason P. Gosselin (admitted *pro hac vice*)
8
Katherine L. Villanueva (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
9
One Logan Square, Suite 2000
10
Philadelphia, PA  19103-6996
Telephone:   (215) 988-2700
11
Facsimile:   (215) 988-2757
12
Email:        jason.gosselin@dbr.com
              katherine.villanueva@dbr.com
13

14
Attorneys for Defendant
Lincoln Benefit Life Company
15

16
UNITED STATES DISTRICT COURT

17
EASTERN DISTRICT OF CALIFORNIA

18

19
KAMIES ELHOUTY

20
                    Plaintiff,

21
        v.

22

23
LINCOLN BENEFIT LIFE COMPANY,
a Nebraska corporation, and DOES 1
24
through 10, inclusive.

25
                    Defendants.

26

27

28

Case No. 1:14-CV-00676-LJO-JLT

ORDER GRANTING PROTECTIVE
ORDER AS MODIFIED BY THE COURT

(Doc. 20)

# PROTECTIVE ORDER

WHEREAS, the parties are engaged in discovery pursuant to the Federal Civil Rules of Procedure; and

WHEREAS, items or information produced or generated in disclosures or responses to discovery in this matter may call for disclosure of non-public and confidential information, including medical, financial, personal, and trade secret information; and

WHEREAS, the parties seek to produce Confidential Materials (as defined below) with suitable assurances of confidentiality and without being improperly used, disclosed, shared, or distributed.

IT IS HEREBY ORDERED that:

1.      This Protective Order shall govern all documents and other materials, as well as all information contained in such documents and materials, and all copies, excerpts, or summaries thereof, produced by the parties in regard to this action, whether voluntarily or in response to any discovery request, deposition notice or subpoena, or admissions, and any other documents and materials produced or otherwise provided to a party to this litigation ("Litigation"), whether by discovery, at a hearing or trial or otherwise in connection with the litigation.

2.      Any party to this action may designate documents, deposition testimony or other material produced pursuant to any discovery request, including subpoena, as "Confidential" (collectively, the "Confidential Materials") under the terms of this Order if it believes such material contains non-public, confidential, trade secret, personal, medical or financial data, or other sensitive information that requires the protections provided by this Order.  Such designated documents, testimony and other materials shall be "Confidential Materials" and shall be maintained as confidential and used and disclosed only as permitted by this Order unless otherwise ordered by the Court pursuant to paragraph 6 hereof.  Each party

that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

3.      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions, pending the parties' efforts to resolve and/or limit such designations.

4.      If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.      Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Confidential Materials that qualify for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires the following:

(a)      The designation shall be made by stamping or otherwise marking "Confidential" on the first page of a document or writing (or on the first page of a section of a document or writing, if only a portion is to be so designated).

(b)      When the designation is intended to apply to only a portion of the document or writing, that portion shall be clearly indicated.

(c)     In regard to responses to interrogatories, document requests, requests for admission and/or pleadings, each page containing Confidential Materials shall be marked as "Confidential."

(d)     With respect to any deposition, such designation may be invoked by designating specific pages and/or lines thereof as "Confidential" on the record at the deposition, or by serving such designations within 10 days after receipt of the transcript of the deposition in which the designations are to be made by the party or third party seeking to make such designation.

(e)     Before the disclosure of Confidential Materials in a deposition, all persons present at the deposition shall have signed an undertaking in the form attached hereto as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use any Confidential Materials for purposes other than those permitted herein.  Persons to whom the disclosure of such information is prohibited under this Order shall be excluded from the deposition during the disclosure of such information.

(f)     Any testimony describing a document containing Confidential Materials shall be deemed to be designated as "Confidential," whether or not the testimony is specifically designated as Confidential Materials.

(g)     In addition, documents or materials originally authored or prepared by a party in the Litigation, but produced by a different party or third party, may also be designated as Confidential Materials by the authoring or preparing party after the documents or materials are produced by providing the designating party with written notice of the designation.  In such instance, such party will be treated as a designating party under this Order.  Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain documents or materials designated as "Confidential" shall also

be treated as Confidential Materials pursuant to this Order.  Any receiving party may request at any time that the designating party remove a "Confidential" designation pursuant to Section 6 of this Order.  Such request shall be made in writing and shall state the reasons for the request.

(h)     In order to accelerate the pace of discovery, any person or entity designating material as "Confidential" pursuant to Section 2 ("designating party") may also designate material "Confidential" by means of cover letter or equivalent actual notice to recipients of such materials ("receiving party").

6.     Any party who wishes to challenge the designation of material as Confidential Materials ~~should first confer in good faith with counsel for the designating party regarding such designation.  If this effort fails to resolve the disagreement, the party wishing to challenge such a designation ("objecting party") may file an appropriate motion with the Court, identifying the disputed material by category or document number and certifying that the objecting party has sought in good faith to confer with counsel for the designating party but has been unable to resolve the dispute.  Counsel for the designating party will then have ten (10) business days in which to file a response to the motion.~~ <u>SHALL comply with the scheduling order (Doc. 16 at 4) regarding discovery motions.  If this fails to resolve the dispute, within 21 days or as otherwise ordered by the Court, the Designating Party SHALL file a motion which complies with Local Rule 251 and, in particular, subsection (c).</u>  The designation of materials as Confidential Materials shall remain in full force and effect until the dispute is ruled upon by the Court.

7.     A party who does not challenge a designation of material as Confidential Materials at the time that it is designated is not precluded from making a later challenge.

8.     Confidential Materials shall be maintained in confidence in the United States by any person or entity receiving such materials and shall be used solely for

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
PHILADELPHIA

purposes of the above-captioned proceeding, including use at trial or in any dispositive motion, and any appeal.

9.    Confidential Materials may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only in accordance with paragraph 8 above and only to the following persons:

(a)    Attorneys to the parties of the Litigation and regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) for use in accordance with this Order;

(b)    Experts or consultants engaged to assist special litigation counsel for the parties, subject to paragraph 10 below;

(c)    Witnesses or deponents and their counsel, during the course of, or to the extent necessary to prepare for, depositions or testimony, subject to paragraph 10 below;

(d)    The Court, persons employed by the Court, and court reporters transcribing the testimony or argument in connection with any hearing, deposition, trial or other proceeding or any appeal therefrom; and

(e)    Any other person, only upon order of the Court or with the written consent of the designating party.

10.    Notwithstanding Paragraph 9(b) and (c) above, the Confidential Materials may be provided to experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in  this litigation provided that such expert or consultant is using said materials solely for this litigation and further provided that such expert or consultant signs an undertaking in the form attached hereto as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for purposes of enforcement of the terms of this Order, and

agreeing not to disclose or use any Confidential Materials for purposes other than those permitted herein.  All persons listed in Paragraph 9(b) and (c) above, who are given access to Confidential Materials or information contained therein, shall be required to confirm their understanding and agreement to abide by the terms of this Order by signing a copy of attached Exhibit A.  Alternatively, if the witness is unable or unwilling to sign a copy of Exhibit A, the party desiring to question the witness with Confidential Materials may seek from a court with jurisdiction over the Order an order requiring the witness to abide by the terms of this Order, and upon obtaining such order may give the witness access to Confidential Materials in connection with the testimony.

11.     ~~If Confidential Materials are to be filed with the Court, any portion designated "Confidential" shall be submitted to the Clerk in a sealed envelope. Confidential Materials filed with the Court shall be maintained in a secure, segregated facility. No one shall have access to such sealed materials other than the Court, its agents and employees, and persons authorized by this Order.  All such materials shall be accorded in camera treatment.~~ <u>No Confidential Materials may be filed under seal unless the Court so orders.  Requests to file documents under seal SHALL comply with Local Rule 141.</u>

12.     If Confidential Materials are to be used at trial, the party seeking to use such Confidential Materials shall not do so until the designating party agrees to the methods for protecting the use of such materials from improper disclosure and/or the Court directs otherwise.

13.     It is the responsibility of counsel for each undersigned party to maintain the security of all Confidential Materials pursuant to the terms of this Order.

14.     In the discretion of the Court, a breach of the provisions of this Order shall be subject to sanctions.

15.    Confidential Materials shall not lose their status as Confidential Materials through use in any court proceeding referred to in paragraph 8 above.

16.    This Order has no effect on, and shall not apply to, any designating party's use or disclosure of its own Confidential Materials for any purpose whatsoever.

17.    The parties reserve the right to move the Court to modify this Order and/or for an order seeking additional safeguards for Confidential Materials beyond the protections afforded by this Order.

18.    Inadvertent disclosure of or failure to designate any documents or testimony as Confidential Materials shall not be deemed a waiver of the safeguards provided by this Order.  In the event such disclosure occurs, the parties agree that any documents protected by attorney client privilege or under the attorney work product doctrine, or prohibited from disclosure under applicable state or federal law shall be returned immediately upon request.  Such inadvertent disclosure shall not act as a waiver of or estoppel as to any claim of privilege, work product, or other basis for withholding production to which any party would otherwise be entitled.

19.    By agreeing to or performing as required by this Order, no person or entity has waived any objection to discovery of non-public, confidential, proprietary, or commercially sensitive information.

20.    (a)    In the event that a person or entity receives material designated "Confidential" that was already legitimately in such person's or entity's possession, the restrictions of this Order apply only to the copy of the material actually designated as "Confidential" and produced under this Order, and do not apply to the copy of such material previously held by such person or entity unless its disclosure is otherwise prohibited by law.

(b)     The provisions of this Order do not apply to material produced in discovery or otherwise acquired by the parties in any proceeding other than those referred to in paragraph 8 above.

21.     In the event that any person or party bound by this Order is served with a valid and enforceable subpoena or is otherwise requested by any other court, law enforcement and/or administrative agency of competent jurisdiction to produce documents or other materials produced by any designating party under the terms of this Order, such persons or party shall promptly notify counsel for the designating party by electronic mail of the pendency of such subpoena or other request.  In the event the designating party objects to the production of documents or other materials designated as "Confidential" under the terms of this Order, the designating party will be responsible for seeking to protect the Confidential Materials.  In the absence of a protective order or limiting instruction by the requesting party, the responding party or person shall cooperate fully with the subpoena or request.  Such disclosure shall not be deemed a waiver of the safeguards provided by this Order.  Such disclosure shall not be deemed a breach of the terms of this Order.

22.     Within 30 days of final termination (upon the parties' execution of a release and settlement of their claims and/or the issuance of a final non-appealable Order) of the Litigation, unless the parties and all designating parties otherwise agree, each party shall assemble all documents or other materials designated as "Confidential" hereunder that were produced to it, including all copies thereof, and make available all such documents or materials to the party or designating party producing such documents or have them destroyed, at the option of the party in possession of such materials, and shall provide an affidavit from counsel of record certifying that a good-faith search for any and all such documents or other materials

has been made and that the provisions of this paragraph have been satisfied by such receiving party.

23.    This Order shall survive the final termination or resolution of the Litigation, and this Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Materials disclosed hereunder.

24.    The provisions of this Order shall govern discovery of Confidential Materials in connection with the Litigation.  The undersigned parties agree to be bound by the terms of this Order pending entry by the Court of this Order, or an alternative thereto that is satisfactory to all parties, and any violation of the terms of this proposed Order shall subject the offender to the same sanctions and penalties as if this Order had been entered by the Court.

PROPOSED BY:

Kamies Elhouty

By: _/s/ Amanda Lucas (as approved on 11/14/14)_
        Bob H. Joyce, Esq. (SBN 84607)
        bjoyce@lebeauthelen.com
        Andrew K. Sheffield, Esq. (SBN 220735)
        asheffield@lebeauthelen.com
        Amanda M. Lucas, Esq. (SBN 248219)
        alucas@lebeauthelen.com
        LAW OFFICES OF LEBEAU -THELEN, LLP
        5001 E. Commercenter Drive, Suite 300
        Mailing: P.O. Box 12092
        Bakersfield, California 93389-2092
        Phone:  (661) 325-8962
        Fax:  (661) 325-1127

Lincoln Benefit Life Company

By: _/s/ Ryan S. Fife_
        Ryan S. Fife (Bar No. 235000)R
        ryan.fife@dbr.com
        Jason P. Gosselin (admitted *pro hac vice*)
        jason.gosselin@dbr.com
        Katherine L. Villanueva (admitted *pro hac vice*)

1   katherine.villanueva@dbr.com
    DRINKER BIDDLE & REATH LLP
2   One Logan Square, Suite 2000
    Philadelphia, PA  19103-6996
3   Telephone:      (215) 988-2700
    Facsimile:      (215) 988-2757
4

5

6                                   **ORDER**

7          The stipulated protective order is **GRANTED as modified** (in paragraphs 6

8   and 11) by the Court.

9

10

11  IT IS SO ORDERED.

12      Dated:   **November 17, 2014**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A TO PROTECTIVE ORDER**

1.      I have received and read the Protective Order ("Order") entered in the matter of *Kamies Elhouty v. Lincoln Benefit Life Company*, Case No. 1:14-CV-00676-LJO-JLT pending in the United States District Court Eastern District of California, and understand all of the terms and provisions of that Order.

2.      I agree only to use or disclose any Confidential Materials, as that term is defined by that Order, in strict compliance with the provisions of that Order and in particular, the requirements of paragraph 9 of that Order.

3.      I agree that I am subject to the jurisdiction of the United States District Court Eastern District of California for all matters relating to this Order.


Dated: _____        _____
                                       Signature

                                       _____
                                       Print Name

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
PHILADELPHIA