# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMIES ELHOUTY, | Case No.: 1:14-cv-00676 LJO JLT |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION |
| v. | |
| LINCOLN BENEFIT LIFE COMPANY, et al., | (Doc. 26) |
| Defendants. | |

Defendant moves the Court for an order striking Plaintiff's designation of experts. (Doc. 26) Defendant asserts that, though Plaintiff served his expert designation timely, he failed to provide an expert report and, indeed, has continued to fail to do so. Id. at 4-5. For the reasons set forth below, the motion is **GRANTED**.[1]

**I.    Background**

In this action, Plaintiff contends that on February 26, 2006, Defendant issued an insurance policy on the life of Salim Friwar in the face amount of $2,000,000. (Doc. 1-1 at 11) The policy required payment within 61 days of the due date and required a 30-day notice of its cancellation or lapse. Id. After Defendant issued the policy Plaintiff "obtained ownership" of it. Id.

---

[1] Because Plaintiff failed to oppose the motion and Defendant's arguments were well set forward in the briefs, the hearing on the motion is **VACATED**.

1   On July 24, 2013, Defendant invoiced Plaintiff for the quarterly premium in the amount of
2   $31,250 and the invoice instructed, "Please Pay This amount by August 23, 2013." (Doc. 1-1 at 11,
3   13) On September 23, 2013 but posted on September 25, 2013, Plaintiff made two payments of
4   $15,000 and $16,250 to Defendant. Id. at 11, 14. Defendant accepted the payments and has not
5   returned them. Id. at 11. However, on September 22, 2013, Defendant notified Plaintiff that the
6   policy had lapsed due to the failure to pay the quarterly premium within the 30-day grace period. Id.
7   at 11, 16. Other than the invoice and this letter, Plaintiff alleges she was not provided a notice that her
8   policy would lapse within 30 days. Id. at 11. Plaintiff attempted to make a quarterly payment in
9   January 2014[2] but Defendant rejected it and claimed the policy had lapsed. Id. In this litigation,
10  Plaintiff seeks a declaration that the policy remains in effect based upon Defendant's acceptance of
11  the September 2013 payments. Id. at 12.

**II.     Motion to strike Gregory Wimmer**

When Plaintiff made his expert disclosure, he identified, "Gregory G. Wimmer . . . as Plaintiff's retained expert to testify on his behalf." (Doc. 26-2 at 21) Plaintiff reported that,

> Mr. Wimmer will testify regarding the following: industry standards regarding life insurance policies in general; agency standards and practice relating to lapses in life insurance policies; how premium payments are processed; the agency standards and practice relating to the reinstatement of life insurance policies; the agency standards and practice relating to grace periods applicable to life insurance premium payments; the general duties and responsibilities of agents and brokers; good faith - bad faith; and coverage disputes.

Id. at 21. Plaintiff reported further,

> At the time of the preparation of the instant disclosure, Mr. Wimmer has not been provided and has yet to review any documents in this matter. However, Mr. Wimmer will be provided with documentation and the instant disclosure will be supplemented providing the same. It should also be noted that Mr. Wimmer has yet, to prepare a written report. At such time as Mr. Wimmer prepares said report, the instant disclosure will be supplemented with a copy of said report.

Id. Thus, Defendant's motion focuses on Plaintiff's failure to provide the expert report at the time he made his expert designation or, even, since this time. (Doc. 6-7)

///

---

[2] The Court is not clear why this January payment would have been timely. Seemingly, the payment was obligated to be paid, if paid within the 30-day grace period, in Decembe—given this was four months after the previous payment due date in August.

### III.  Analysis

Rule 26(a)(2) provides that a party must disclose the identity of any expert witness it intends to use at trial. Fed.R.Civ.P. 26(a)(2)(A). If the expert witness is retained or specially employed to provide expert testimony, the disclosure must include a report that is prepared and signed by the expert. Fed.R.Civ.P. 26(a)(2)(B). The report of the specially retained expert must detail the expert's opinions, the bases for the opinions, the information considered to form the opinions, the expert's qualifications, the exhibits the expert intends to use to illustrate the opinions, the cases upon which the expert has testified as an expert and the amount the expert is being paid, among other information. Fed. R. Civ. P. 26(a)(2)(B). The expert may not be deposed until the report has been provided. Fed.R.Civ.P. 26(b)(4)(A)

Parties are required to make expert disclosures "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D). On August 21, 2014, the Court held the scheduling conference and thereafter, issued the scheduling order. (Doc. 16) The order detailed the timing of the expert disclosures as follows:

> The parties are directed to disclose all expert witnesses, in writing, on or before **March 9, 2015**, and to disclose all rebuttal experts on or before **April 6, 2015**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.
>
> The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

(Doc. 16 at 3, emphasis in the original) Notably, the March 9 date selected by the Court was the one proposed by counsel. (Doc. 14 at 5)

Despite that the Court's order and Rule 26 requires Plaintiff to provide his expert's report at the time he designated Mr. Wimmer, not only did Plaintiff not do this but Mr. Wimmer could not have done so because Plaintiff had not provided him any materials to consider. (Doc. 26-2 at 21) Defendant notes that the report still had not been provided by the rebuttal expert disclosure deadline and, consequently, it was unable to designate an expert because it was unaware of the opinions

Wimmer would offer.  Thus, Defendant argues Mr. Wimmer should be excluded from testifying at trial.  The Court agrees.

A party's failure to disclose expert witnesses in a manner prescribed by the court exposes that party to sanctions under Federal Rule of Civil Procedure 37(c). This rule provides, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(c)(1).  Rule 37(c)(1) "gives teeth" to the disclosure requirements. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001).

To determine whether the introduction of evidence should be precluded pursuant to Rule 37, the Court considers: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." San Francisco Baykeeper v. West Bay Sanitary Dist., 791 F.Supp.2d 719, 733 (N.D.Cal.2011) (quoting Dey. L.P. v. Ivax Pharms., Inc., 233 F.R.D. 567, 571 (C.D.Cal.2005)). The party facing the preclusion of evidence under Rule 37 "bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R & R Sails, Inc. v. Ins. Co. of the State of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir.2012).

Failing to provide the report in a timely manner means that Defendant has no idea what the expert will say.  Indeed, the expert disclosure made no attempt to identify Wimmer's opinion and, instead, merely listed broad topics upon which he may opine. (Doc. 26-2 at 21)  Thus, Defendant would be faced with complete surprise if Wimmer was allowed to testify.  In addition, Defendant is unable to cure the surprise given it is precluded from taking the deposition of Wimmer until after he provides the report and Defendant has lost the ability to disclose a rebuttal expert.  Allowing the testimony of Wimmer would disrupt trial because Defendant would have no idea as to what Wimmer would testify and would likely cause significant sidebar conferences to be able to deal with evidence.  The Court cannot conclude that the evidence is significant because, even now, it has no idea what it would be but this is not the type of case which an expert is required.  Finally, the court has received no explanation for Plaintiff's failure to comply with the discovery orders related to disclosing the expert

and there is no showing that the failure to comply was substantially justified or harmless.  Thus, the motion will be **GRANTED**.

**ORDER**

For the reasons stated, the Court **ORDERS**:

1. Defendant's motion to strike Plaintiff's expert (Doc. 26) is **GRANTED**. Plaintiff is precluded from offering expert testimony at trial.

IT IS SO ORDERED.

Dated:   **April 23, 2015**                         **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE