# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMIES ELHOUTY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LINCOLN BENEFIT LIFE COMPANY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-00676 LJO JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER STRIKING PLAINTIFF'S EXPERT DESIGNATION<br>(Doc. 31)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER RELATED TO EXPERT DISCOVERY<br>(Doc. 30) |

On April 23, 2015, the Court granted Defendant's motion to strike Plaintiff's expert. (Doc. 29) The Court reasoned that because Plaintiff failed to provide the expert's report either with her expert disclosure or at any time thereafter, Defendant's motion was well-taken. Id. Now, despite that Plaintiff failed to oppose Defendant's motion to strike, she moves Court to reconsider its order. (Doc. 31) She argues that due to Defendant's failure to meet and confer and failure to file a joint statement as required by Local Rule 251(c), the order should be reconsidered. However, because the joint statement was not required, the motion for reconsideration is **DENIED**. In addition, because the Court has stricken Plaintiff's only designated expert and the Court denies her request to reconsider that order, Plaintiff's motion to amend the case schedule related to expert discovery is **DENIED** as **MOOT**.

///

1

**I.     Reconsideration is an extraordinary remedy**

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. Id. Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Here, Plaintiff does not rely upon new facts, new circumstances or changes in the law to support her claim for reconsideration. Seemingly, she claims there was clear error in the decision or that it was manifestly unjust. Toward this end, she argues the motion to strike failed to comply with Local Rule 251 and, as such, should have been denied as procedurally improper.[1] Notably, Local

---

[1] She fails to explain why, if she was convinced the motion was not procedurally proper, she did not raise this issue in a properly filed opposition.

1  Rule 251 requires the parties to meet and confer regarding the discovery dispute and, if a motion must
2  be filed, to file a joint statement setting forth the parties' dispute.  Notably, however, the Rule
3  mentions also "Except as provided in (e) . . .," which excludes from the requirement of the joint
4  statement situations "(1) when there has been a complete and total failure to respond to a discovery
5  request or order, or (2) when the only relief sought by the motion is the imposition of sanctions."
6  Local Rule 251(e).

7  Defendant's motion was premised on Plaintiff's complete failure to comply with the Court's
8  order to provide an expert report at the time the disclosure occurred.  (Doc. 26 at 3)  Defendant's
9  motion observed, "Consistent with Rule 26, the Court directed the parties in this case 'to disclose all
10  expert witnesses, in writing, on or before March 9, 2015.' See D.E. 16 (Scheduling Order). The Court
11  specifically ordered the parties to comply with Rule 26 and serve all requisite information with the
12  parties' respective expert disclosures."  Moreover, the only relief Defendant sought was the
13  evidentiary sanction to strike Plaintiff's expert which would precluding him from testifying at trial.
14  (Doc. 26 at 4)  Thus, the Court does not find that a joint statement was required.[2]

15  Even still, Plaintiff does not claim that she was unaware the motion was proceeding according
16  to Local Rule 230 rather than Local Rule 251.  Instead, counsel states, inexplicably, that she
17  "construed April 23, 2015 as the last day the moving party had to meet and confer with Plaintiff's
18  counsel."  (Doc. 31-1 at 2)  In light of the fact that April 23, 2015 would have been the last day to file
19  the joint statement and in light of the fact that three days before this, on April 20, 2015, Defendant
20  filed and served on Plaintiff a document alerting the Court to the fact that Plaintiff had not opposed
21  the motion (Doc. 28), the claim that Plaintiff was simply awaiting contact by Defendant to meet and
22  confer, is patently incredible.[3]  Thus, the Court finds no clear error and no manifest injustice in the
23  initial decision.

24  Along these same lines, documents attached to Plaintiff's motion to amend the scheduling
25  order (Doc. 30) filed concurrently with her motion for reconsideration, make clear that as of April 20,

---

[2] The Court *does* find Defendant should have met and conferred with Plaintiff *before* filing the motion.  (Doc. 16 at 4)  However, given Plaintiff failed to oppose the motion—which would have been the proper vehicle for raising this objection—the Court finds Plaintiff has waived this point.

[3] If this truly was her understanding, the Court is at a loss why, when counsel received Defendant's April 20th filing, she chose not to inquire of opposing counsel or of the Court as to what would be the procedural mechanism for going forward.

2015, her expert <u>still</u> has not produced a report due to counsel's failure to provide the expert the materials he needs to review.  (Doc. 30-1 at 2 ["I have only recently been supplied materials in this case and those materials are insufficient at this time to determine exactly what opinions I may be able to make."])  Thus, given Plaintiff's continued failure to comply with the Court's order (Doc. 16 at 3) and the requirements of Fed. R. Civ P. 26(a)(2)(B), (D), the underpinnings of the decision striking the expert, remain sound.  On this additional basis, the Court finds no clear error in its initial decision and that no manifest injustice occurred. Therefore, for all of the reasons stated, the motion for reconsideration is **DENIED**.

In addition, Plaintiff's motion to amend the scheduling order to extend the expert discovery period is based solely on the fact that her expert needs additional time to form and express his opinions.  Because Plaintiff's expert designation has been stricken, Plaintiff's motion to amend the scheduling order to extend the expert discovery period is **DENIED** as **MOOT**.

IT IS SO ORDERED.

Dated:   **May 7, 2015**              /s/ Jennifer L. Thurston
                                   UNITED STATES MAGISTRATE JUDGE